IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

---------------------------------------------------------
                                    *
IN RE:                              *
                                    *
ROBERT GREG KILGORE,                *   CASE NO. 1:05-BK-18096
                                    *   CHAPTER 13
                                    *
        Debtor.                     *
---------------------------------------------------------

DECEMBER 28, 2005
CHATTANOOGA, TENNESSEE


BEFORE:   THE HONORABLE R. THOMAS STINNETT
          UNITED STATES BANKRUPTCY JUDGE


MEMORANDUM OPINION


U S BANKRUPTCY COURT
CHATTANOOGA, TN
2006 JAN -5 A 11: 01
FILED


        BE IT REMEMBERED, that the above-styled

cause came on to be heard on the 28th day of December, 2005,

before the Honorable R. Thomas Stinnett, Judge of said

Court, when all parties announced ready to proceed, and the

following is an excerpt of said proceedings, to wit:

CERTIFIED
COPY

Corina F. Young
Freelance Court Reporting Service
6255 Dayton Boulevard
Chattanooga, Tennessee  37343-2710
(423) 843-3114

1  APPEARANCES:

2        FOR THE DEBTOR:

3        MARK T. YOUNG, ESQUIRE
         MARK T. YOUNG AND ASSOCIATES
4        2121 HAMILL ROAD
         HIXSON, TENNESSEE   37343
5

6        FOR CITIZENS TRI-COUNTY BANK:

7        GARY E. LESTER, ESQUIRE
         MAYFIELD & LESTER
8        1501 EAST MAIN STREET
         CHATTANOOGA, TENNESSEE   37404
9

10       FOR FIRST VOLUNTEER BANK:

11       CHARLES G. JENKINS, JR., ESQUIRE
         32 COURTHOUSE SQUARE
12       JASPER, TENNESSEE   37347

13

14

15

16

17

18

19

20

21

22

23

24

25

1        THE COURT:  This chapter 13 case is before

2    the Court on the debtor's motion to impose a stay in this

3    case.  The motion is actually to invoke the automatic stay

4    of 362 as to all creditors.  This is the first such motion

5    this Court has had to deal with, since the effective date of

6    the Bankruptcy Abuse Prevention and Consumer Protection Act

7    2005.

8        Under that BAPCPA, any individual debtor

9    who has been a debtor in two or more cases that were pending

10   and dismissed within the previous year, does not receive the

11   benefit of the automatic stay at the commencement of his or

12   her bankruptcy case, as provided in section 362(c)(4)(c).

13       It says, as provided in subsection

14   (4)(A)(i)(b), if a single or joint case is filed by or

15   against the debtor who is an individual in this title, and

16   if two or more single or joint cases of the debtor were

17   pending within the previous year but were dismissed, other

18   than a case refiled under section 707(b), the stay under

19   subsection (a) shall not go into effect upon the filing of

20   the later case.

21       In contrast, this language is that the stay

22   under 362(a) shall not go into effect with the more limiting

23   language of 362(c)(3)(A), which provides for termination of

24   the stay, quote, with respect to the debtor, end quote, 30

25   days after the filing of the current case.

Corina F. Young
Freelance Court Reporting Service
6255 Dayton Boulevard
Chattanooga, Tennessee  37343-2710
(423) 843-3114

1            It appears that failure to impose the stay

2    is the broader penalty against the debtor and property of

3    the estate, when there are two or more cases involved as

4    opposed to just one.   The debtor in this case did have two

5    cases within the previous year that were dismissed other

6    than the case he filed under section 707(b).   Thus, the stay

7    does not take effect.

8            The Statute provides a procedure for party

9    in interest, in this case the debtor, to petition the Court

10   to impose the stay.   The Court may impose the stay if upon

11   conditions or limitations after notice of a hearing only if

12   the party in interest demonstrates that the filing of the

13   later case, that is, the confirmed pending case, is in good

14   faith as to the creditors to be stayed.

15           The stay is not in effect and would go into

16   effect only upon an entry of an order allowing the stay to

17   go into effect.   4(D) provides under subparagraph (B), a

18   case is presumptively not filed in good faith under certain

19   circumstances, which one or more of which are present in

20   this case.   Thus, presumptively, this case was not filed in

21   good faith.

22           The Statute provides that this presumption

23   may be rebutted by clear and convincing evidence to the

24   contrary.   Clear and convincing evidence is not defined by

25   the Code, nor is the degree of the burden of proof necessary

1  other than as clear and convincing.

2         The Court is of the opinion that the

3  phrase, "clear and convincing evidence," speaks to the

4  quality of the evidence and not to the degree of evidence

5  necessary.  This is a civil case.  The standard as announced

6  in this *Grogan* case by the U.S. Supreme Court is a

7  preponderance of the evidence.  However, under this Statute,

8  the evidence produced must be clear and convincing to the

9  trier of fact.

10         The Court may impose the stay only if the

11  case was filed in good faith, that is, that the debtor has

12  rebutted the presumption that the case was filed not in good

13  faith.  Whether the case has been filed in good faith

14  requires an examination of many factors.  Generally, these

15  factors are referred to as a totality of the circumstances.

16  Some factors may be more important in other cases and less

17  important in others.  For example, the frequency of the

18  debtor's filings, that is, does the debtor have a history of

19  repeated filings other than the filings giving rise to the

20  presumption in this case?

21         This is the debtor's third case.  However,

22  he had no history of bankruptcy prior to the filing of case

23  No. 03-18361.  A second factor to consider in each case

24  would be the reasons for the repeated filings.  It appears

25  that these three cases have all been filed for the same or

Corina F. Young
Freelance Court Reporting Service
6255 Dayton Boulevard
Chattanooga, Tennessee  37343-2710
(423) 843-3114

1　related reasons, having to do with the debtor's domestic

2　situation.

3　　　　　　　He did testify that during this period of

4　time his father passed away.  However, there is no testimony

5　about how that impacted his ability to continue to fund the

6　previous two cases.

7　　　　　　　The Court must consider whether or not

8　there have been significant changes in the debtor's

9　financial condition.  The debtor has been self-employed

10　through each of his previous cases, and in this case.  The

11　Court sees no significant changes in his financial

12　condition.

13　　　　　　　The Court should also consider significant

14　changes in the debtor's life experiences, such as, the

15　domestic dispute he has had with his wife concerning custody

16　of their two children.  In the appropriate case, there might

17　be other changes in life experiences, such as, returning to

18　school, which is not applicable here.

19　　　　　　　The Court should also consider the reasons

20　for the timing of this filing, that is, whether or not it

21　has been to stop a foreclosure or garnishment or the like.

22　It does not appear that any of the three cases were filed

23　merely to stop a foreclosure or repossession.  It does

24　appear that each of three cases have been filed with the

25　thought of reorganization of the debtor's finances.

1    One overriding consideration is whether

2  this debtor, in this case, had demonstrated by clear and

3  convincing evidence his ability to formulate a confirmable

4  plan.   In this regard, in this case, at this time, this

5  debtor has failed.

6    Citizens Tri-County Bank has a substantial

7  note secured by the debtor's real property in the

8  approximate amount of $420,000.   The note has a balloon

9  which comes due in approximately one year.   The Bankruptcy

10 Code would permit the debtor to amortize this obligation

11 over 60 months.   The debtor simply does not have the

12 financial ability to do that.

13    An alternative for the debtor would be to

14 obtain a refinancing of the obligations, either with

15 Citizens Tri-County Bank or with another lender.   The

16 property does have substantial equity.   The debtor's brother

17 has indicated he could be of assistance to the debtor in

18 refinancing.   There is no clear and convincing evidence that

19 this refinancing will, in fact, take place.   If the debtor

20 has a commitment for refinancing, the stay would not be

21 necessary.

22    As to First Volunteer, the proof is clear

23 to the Court.   But it appears that there are three vehicles

24 involved.   One is a Volvo that could be used for

25 over-the-road hauling, but is not presently being used.

1 | Another vehicle is a 1988 Peterbilt, which, apparently, the

2 | debtor is unable to locate.  A third vehicle is a tractor.

3 | There is no proof regarding it at all.

4 |       The Internal Revenue Service has filed

5 | substantial claims in this case against the debtor.  The

6 | debtor has not filed a tax return since his 2001 return.  He

7 | attributes this to his domestic problem with his wife.

8 |       He testified that he has now prepared or

9 | has delivered to his accountant sufficient information to

10 | have the returns completed by the end of January.  He

11 | acknowledges it is the same promises that happened in his

12 | second case and the returns did not get filed, and the case

13 | was ultimately dismissed without confirmation.  No doubt the

14 | debtor has good intention.

15 |       It is the Court's opinion that Congress

16 | requires something more under 362.  And that something more

17 | is clear and convincing evidence, not mere speculation.  For

18 | these reasons, the Court will deny the debtor's motion to

19 | impose the automatic stay for 362.

20 |       Do you have something further?

21 |       MR. LESTER:  No, Your Honor.

22 |       MR. YOUNG:  No, Your Honor.

23 |       MR. JENKINS:  No, sir.

24 |       THE COURT:  We will be adjourned.

25 |       (End of excerpt.)

```
 1                      C E R T I F I C A T E

 2

 3     STATE OF TENNESSEE )
                         :  SS.
 4     COUNTY OF HAMILTON )

 5

 6              I, Corina F. Young, Court Reporter and

 7     Notary Public in and for the State of Tennessee, do hereby

 8     certify that I reported in machine shorthand the proceedings

 9     had in the above-styled cause on the 28th day of December,

10     2005;

11              That the attached pages, numbered 1

12     through 8, inclusive, were reduced to typewriting under my

13     personal supervision; and that the foregoing is a true and

14     accurate excerpt of said proceedings.

15              This 5th day of January, 2006.

16

17

18

19              Corina F. Young, Notary
                Public in and for the
20              State of Tennessee.
                My commission expires:
21              October 25, 2009

22

23

24

25
```

Corina F. Young
Freelance Court Reporting Service
6255 Dayton Boulevard
Chattanooga, Tennessee  37343-2710
(423) 843-3114